524 A.2d 1362

**Ruby JOYCE, Appellee,**

v.

**SAFEGUARD MUTUAL INSURANCE CO., Appellant.**

Superior Court of Pennsylvania.

Argued June 30, 1986.

Filed April 28, 1987.

John J. McGrath, Philadelphia, for appellant.

Allen L. Feingold, Philadelphia, for appellee.

Before CIRILLO, President Judge, and WICKERSHAM *, BROSKY, McEWEN, OLSZEWSKI, MONTEMURO, BECK **, KELLY and JOHNSON, JJ.

McEWEN, Judge:

This appeal has been taken from an order which denied appellant's motion for leave to file an answer and new matter. Appellant claims that the trial court erred as a matter of law when it denied the motion solely because it was untimely, without regard to whether the appellee had been prejudiced by the delay. Alternatively, appellant claims that the trial court abused its discretion in failing to balance the equities of the situation prior to denying the motion. We affirm.

This litigation began on January 7, 1980, when appellee filed a complaint. More than eight months later, on September 17, 1980, counsel for appellant provided for the entry of an appearance but did not file any pleading. That

* WICKERSHAM, J. participated in the consideration of and decision in this appeal prior to his resignation.

** BECK, J. did not participate in the consideration of a decision in this appeal.

appearance for appellant was withdrawn on April 25, 1984, when present counsel[1] for appellant filed an appearance. Almost six months thereafter, on October 23, 1984, eight days before the case was scheduled for trial before a panel of arbitrators, appellant filed a Motion for Leave to File an Answer to Plaintiff's Complaint with New Matter. Appellant did not seek to delay the trial before the arbitrators pending disposition by the court of that motion, but participated in the proceedings before the arbitrators. When the arbitrators entered an award in favor of appellant, appellee undertook an appeal to the Court of Common Pleas. On November 23, 1984, the hearing court denied the motion of appellant which sought leave to file an answer and new matter, and this appeal followed.

■ It is necessary, of course, to first address the assertion of appellee that this appeal should be quashed because the order denying appellant's motion for leave to amend was not a final order. "It is well settled that an appeal will lie only from a final order unless otherwise permitted by statute." *Praisner v. Stocker*, 313 Pa.Super. 332, 336, 459 A.2d 1255, 1258 (1983). Our study of whether an order is final and appealable must go beyond the technical effect of the order to an examination of the practical ramifications of the ruling. That study here requires a finding that the order is sufficiently final to allow review, since the refusal to allow appellant an opportunity to present the proposed affirmative defense of the statute of limitations put appellant "out of court" as to that defense. *See Posternack v. American Casualty Co. of Reading*, 421 Pa. 21, 24, 218 A.2d 350, 351 (1966); *Urban v. Urban*, 332 Pa.Super. 373, 378, 481 A.2d 662, 665 (1984); *Sechler v. Ensign-Bickford Co.*, 322 Pa.Super. 162, 166, 469 A.2d 233, 235 (1983); *Hughes v. Pron*, 286 Pa.Super. 419, 423, 429 A.2d 9, 11

1. Present counsel entered his appearance for Safeguard Mutual Insurance Company. In subsequent motions, present counsel indicated that he represented Pennsylvania Insurance Guaranty Association. Appellant's brief and our docket entries reflect that counsel represents Safeguard.

(1981). Having determined that the order was final and appealable, we proceed to consider the merits of the appeal.

█ It is not uncommon, of course, for an answer to be filed more than twenty days after service of the complaint and some would even assert that the greater number are so filed. The custom among trial counsel, pursuant to Pennsylvania Rule of Civil Procedure 1003, is to routinely agree to waive the rules regarding "the time for serving process or for filing or serving pleadings". Even when the parties have not agreed to waive such rules, trial counsel are not inclined to enforce strict technical compliance since such measures would be counterproductive. As a general rule, the failure of a plaintiff to proceed to a default judgment, in the absence of an agreement between the parties to waive the rules for a timely filing, is an indication that the plaintiff has not been prejudiced by the delay and may even be considered an implicit extension of the period for filing an answer. *Allison v. Merris*, 342 Pa.Super. 571, 572, 493 A.2d 738, 739 (1985). We cannot, however, excuse the abject indifference here reflected by an intervening period of almost five years between the service of the complaint and the effort to file an answer eight days before the trial was to commence before arbitrators. Tradition and custom are not, therefore, factors for our consideration of this appeal. Rather, we are to be guided here solely by the applicable statutes, rules of procedure and case law.

█ Appellant claims that the trial court erred as a matter of law when it denied the motion solely because it was untimely, without considering whether any prejudice would have befallen appellee by the filing of so delayed a pleading. We disagree and hold that only after the party who seeks to file a late pleading has shown sufficient cause for the delay, must the court enter upon an inquiry and make a determination of whether prejudice will befall the opposing party.

The period of time within which to file pleadings subsequent to the filing of the complaint is twenty days. Pa.R. Civ.P. 1026. An answer not filed within the prescribed time period may be stricken. Pa.R.Civ.P. 1017(b)(2). Where,

however, there is a motion presented to the court to extend or shorten the period of time for the service of process, or for the filing or the service of pleadings, Rule of Civil Procedure 1003 requires the party making the request to show cause why the applicable filing periods should be extended:

**Rule 1003.  Waiver of Rules.  Extension of Time**

Rules relating to the manner of commencing an action or the time for serving process or for filing or serving pleadings may be waived by agreement of the parties. The court *on cause shown* may extend or shorten the time within which pleadings shall be filed or process served.

Pa.R.Civ.P. 1003 (emphasis supplied). *See Paulish v. Bakaitis,* 442 Pa. 434, 442, 275 A.2d 318, 322 (1971) (Trial court did not abuse its discretion in striking plaintiff's reply where no explanation was offered for extraordinary delay without regard to any possible prejudice to defendants.); *Delgrosso v. Gruerio,* 255 Pa.Super. 560, 565, 389 A.2d 119, 122 (1978) (Pa.R.Civ.P. 1026 must be read in conjunction with Pa.R.Civ.P. 1003 which permits the time period within which pleadings must be filed to be extended or reduced.) *See also:* 5 Standard Pennsylvania Practice 2d § 26.16 ("The defendant must show cause why he should be permitted to file a late answer, and he must also show that the plaintiff will not be prejudiced thereby."). Thus, it cannot be disputed that a "showing of cause" is a condition precedent for filing a late pleading.

Nor may it be questioned that the factor of prejudice [2] to the opposing party is to be considered by the court when a party seeks to file a late pleading, but that factor is to be considered *only* if the party seeking to file a late pleading first shows cause for the failure to file the pleading in

**2.**  The prejudice referred to is such prejudice as flows from the fact that the allegations presented in the late pleading are filed in an untimely fashion, and is not such prejudice as results from the fact that appellee may lose her case on the merits if the pleading is allowed.  *See Bata v. Central Penn National Bank of Philadelphia,* 448 Pa. 355, 380, 293 A.2d 343, 357 (1972).

timely fashion. Here, appellant did not fulfill the initial requirement that cause be shown to extend the time period within which to file the answer and new matter.

Appellant's reliance upon *Biglan v. Biglan,* 330 Pa.Super. 512, 479 A.2d 1021 (1984), for the proposition that those rules which impose pleading deadlines must be liberally construed, is misplaced. The decision in *Biglan* focuses upon Rule 1033 and a party who seeks to *amend* a pleading. Appellant here does not seek to file an *amended* answer, but rather seeks permission to file the *original* answer five years late, and without expression of reason for the delay. The mandate of Rule 126 is to liberally construe, but not to erase, the Rules of Civil Procedure. This argument is, therefore, without merit.

■ Appellant further argues that if it had boldly filed the untimely answer and new matter of record, without seeking leave of court, the burden of moving to strike that late pleading would have shifted to appellee and would have required appellee to show that she had been prejudiced by the late filing of the answer and new matter. Thus, reasons appellant, appellant has been penalized for compliance with the rule that requires that a party seek leave of court to file a late answer, a burden that would not have befallen appellant if it had ignored the rule and simply, without more, filed the pleading. This avowal of inequity is spurious. It is true that had appellant simply filed the answer without permission of the court, appellee would have been required to initiate a motion to strike the pleading. Appellee would have done so, of course, by filing preliminary objections in the nature of a motion to strike. Appellant, had appellee been forced to such an initiative, would have been required to file a response to the petition to strike the late answer and new matter, and presented in that response, as well as at the subsequent evidentiary hearing, the basis for an assertion that there was "cause" why the late pleading should be allowed. Had appellant failed to establish such cause, appellee would have been relieved of the burden of establishing the manner in which she was

prejudiced. Thus, we reject the assertion of appellant that it has suffered by reason of the fact that it complied with the requirement that leave of court be sought for the late filing of the pleading.

The "cause shown" requirement is not an onerous one and once met permits the trial court to then focus upon the question of prejudice. The hearing court here had no reason or need to proceed to examine whether the grant of the motion for leave to file the late pleading would cause prejudice to the adverse party since the initial requirement of "cause shown" had not been met.

Accordingly, the order of the distinguished Judge Alfred J. DiBona denying appellant's motion for leave to file an answer is affirmed.