580 A.2d 374

**Charles FRANCISCO and Cecilia Francisco, H/W**

**v.**

**FORD MOTOR COMPANY, Eaton Corporation and Hertz Penske Truck Leasing, Inc.**

**Appeal of HERTZ PENSKE TRUCK LEASING, INC.**

Superior Court of Pennsylvania.

Argued June 13, 1990.

Filed Sept. 12, 1990.

432

George D. Sheehan, Jr., Philadelphia, for appellant.

Don P. Foster, Philadelphia, for Francisco, appellees.

Before BECK, POPOVICH and HESTER, JJ.

BECK, Judge:

The issue on appeal is whether the trial court erred in granting the plaintiffs' motion to strike the defendant's answer and new matter, where the answer and new matter was filed three years and nine months after the plaintiffs filed their complaint. We find that the trial court did not abuse its broad discretion in granting the plaintiffs' motion to strike and, therefore, affirm that ruling.

Charles Francisco and Cecilia Francisco filed a complaint on October 10, 1985, against Hertz Penske Truck Leasing, Inc. ("Hertz")[1] for injuries which were allegedly caused by an automobile accident which occurred on February 15, 1983.[2] On July 19, 1989, approximately three years and nine months later, Hertz filed an answer and new matter. Thereafter, the plaintiffs filed a motion to strike the answer

---

1. The plaintiffs also brought suit against Eaton Corporation and Ford Motor Company, for injuries allegedly arising out of the same accident.

2. The facts surrounding this alleged injury are not important to the disposition of this appeal.

and new matter, which was granted by the trial court. Hertz then requested the court to reconsider its order granting the plaintiffs' motion to strike. After reconsideration, the trial court again granted the plaintiffs' motion to strike. Hertz appeals this decision.

On appeal, appellant contends that the trial court abused its discretion in striking appellant's answer and new matter. Appellant argues that appellees suffered no prejudice as a result of the late filing of the answer and new matter. In addition, appellant asserts that striking an untimely filed answer and new matter is inappropriate. Rather, appellant contends that the appropriate procedure was for appellees to file for a default judgment. Appellant asserts, therefore, that the trial court lacked the authority to strike the answer and new matter.[3]

We must evaluate appellant's claim of error within the constraints of the abuse of discretion standard. *Allison v. Merris*, 342 Pa.Super. 571, 574, 493 A.2d 738, 740 (1985); *Urban*, 332 Pa.Super. at 378, 481 A.2d at 665. Thus, as an appellate court reviewing the ruling of a trial court, we may not substitute our judgment for the judgment of the trial court, absent evidence that the trial court abused its discretion. With this standard in mind we review appellant's claim of error.

Pennsylvania Rule of Civil Procedure 1026 provides that "every pleading subsequent to the complaint *shall* be filed within twenty days after the service of the preceding pleading...." Pa.R.C.P. 1026 (emphasis added). The word "shall" in Rule 1026 has always been interpreted flexibly, thus permitting exception to the rule where justice so requires. *Fisher v. Hill*, 368 Pa. 53, 57, 81 A.2d 860, 863 (1951). Thus, the twenty day filing rule is said to be

---

**3.** While neither party raises the issue, we first consider the appealability of the trial court's order. Case law clearly dictates that because the trial court's order striking the appellant's answer and new matter prevents appellant both from challenging the averments contained in the complaint and from asserting affirmative defenses, it constitutes a sufficiently final order warranting our review. *Urban v. Urban*, 332 Pa.Super. 373, 378, 481 A.2d 662, 665 (1984).

permissive rather than mandatory. *Urban,* 332 Pa.Super. at 378, 481 A.2d at 665. We cannot emphasize strongly enough, however, that the decision of whether or not to grant an exception to the twenty day filing rule is within the trial court's discretion. A pleading that is not filed within the articulated time period *may* be stricken by the court. *Joyce v. Safeguard Mut. Ins. Co.,* 362 Pa.Super. 522, 524 A.2d 1362 (1987), *rev'd on other grounds sub. nom Safeguard Mut. Ins. Co. v. Joyce,* 517 Pa. 488, 539 A.2d 340 (1988) (citing Pa.R.C.P. 1017(b)(2)). As long as the trial court has not abused its discretion, we cannot reverse such a ruling.

■ Appellant contends that the trial court should have denied appellees' motion to strike, because the correct procedure required appellees to file a motion for a default judgment, rather than a motion to strike.[4] In order to evaluate this contention, we believe it is necessary to describe the development of Pennsylvania case law in this area.

In *Paulish v. Bakaitis,* 442 Pa. 434, 275 A.2d 318 (1971), the Pennsylvania Supreme Court observed that a pleading may be filed after the expiration of the twenty day period " 'if the opposite party is not prejudiced and justice requires. *Much must be left to the discretion of the lower*

---

4. Appellant also argues that appellees extended the twenty day pleading period indefinitely, pursuant to Pennsylvania Rule of Civil Procedure 248. This rule provides that "[t]he time prescribed by any rule of civil procedure for the doing of any act may be extended or shortened by written agreement of the parties or by order of the court." Pa.R.C.P. 248. As the basis for this assertion, appellant highlights a letter that its previous counsel sent to appellees' counsel, dated October 21, 1985, which stated: "[y]ou have kindly given me an extension of time in which to plead." Letter from appellant's counsel to appellees' counsel, Oct. 21, 1985. Appellant contends that this letter constituted a written agreement for purposes of Rule 248, and operated to extend the twenty day response requirement indefinitely. Regarding the letter's compliance with Rule 248, the trial court determined that "[a]lthough Defendant did ask for an extension of time to file the answer on October 21, 1985, no extension was ever granted or agreed to by the parties." Trial Court Op., p. 1. The record contains no evidence to the contrary. Finding no abuse of discretion in this conclusion, we affirm the trial court's ruling on this issue.

*court.'* " *Id.*, 442 Pa. at 441, 275 A.2d at 322 (quoting *Fisher v. Hill*, 368 Pa. 53, 81 A.2d 860 (1951) (emphasis added).

Almost fifteen years later this court in *Allison supra*, relied upon the principle enunciated in *Paulish* when it considered whether the trial court properly refused to strike the defendant's answer and counterclaim filed approximately two weeks after the expiration of the twenty day filing period. The *Allison* court articulated the general rule that "the late filing of an answer will be ignored where the plaintiff has not acted to take a judgment by default." *Id.* 342 Pa.Super. at 574, 493 A.2d at 739. The court based this general rule on the principle that if a party does not take a judgment by default, he or she could not have suffered any prejudice. If a party suffered no prejudice, the *Allison* court opined, his or her delay in taking a judgment by default would be viewed as impliedly granting an extension of the twenty day filing period. The court concluded, therefore, that because the delay was *brief* and was promptly cured, the trial court did not abuse its discretion in refusing to strike the answer and counterclaim. *Id.* 342 Pa.Super. at 574, 493 A.2d at 740.

██ Several years later this court, in the en banc decision of *Joyce, supra*, considered whether the trial court correctly denied a party's motion for leave to file a late answer, where five years had elapsed between the service of the original complaint and the defendant's attempt to file an answer eight days prior to an arbitration hearing. Initially, the *Joyce* court articulated the general rule announced in *Allison*. The court declared, however, that despite this general rule it would not "excuse the *abject indifference* ... reflected by an intervening period of almost five years between the service of the complaint and the effort to file an answer...." *Id.*, 362 Pa.Superior Ct. at 526, 524 A.2d at 1363 (emphasis added). The court relied, in part, upon Pennsylvania Rule of Civil Procedure 1003, which provides that where a party seeks to file a late pleading, cause must be shown to explain why the statutory filing period should

be extended. Pa.R.C.P. 1003. The court ultimately concluded that because the defendant failed to introduce sufficient evidence to meet the "cause shown" requirement of Rule 1003, the party opposing the late pleading was not required to introduce evidence that it had been prejudiced. The court affirmed the trial court's denial of the defendant's motion to file a late answer. *Id.*, 362 Pa.Superior Ct. at 528, 524 A.2d at 1365.

With this case law in mind, we turn now to an evaluation of the trial court's ruling in the instant case. In the case sub judice, appellant filed an answer and new matter three years and nine months after appellees filed their complaint. Appellees objected to this late filing by filing a motion to strike appellant's answer and new matter. The trial court initially granted this motion and, after reconsideration, affirmed this ruling. We find that based upon this court's en banc decision in *Joyce*, the trial court was wholly within the bounds of its discretion in granting appellees' motion to strike.

We believe that the three year and nine month delay in filing an answer constituted "abject indifference" as recognized in *Joyce*. The trial court's refusal to ignore this blatant disregard for the time limits delineated in our rules of civil procedure was wholly within the bounds of its discretion based upon the principles enunciated in *Joyce* and the Pennsylvania Rules of Civil Procedure.[5] We emphasize that while Pennsylvania Rule of Civil Procedure 126 instructs that we "liberally construe[ ]" the Rules, this does not require courts to completely ignore them. We decline to interpret Rule 126 as requiring such a result.

---

5. Pennsylvania Rule of Civil Procedure 1017 provides that "[p]reliminary objections are available to any party and are limited to ... (2) a motion to strike off a pleading because of lack of conformity to law or rule of court...." Pa.R.C.P. 1017(b)(2). Pennsylvania courts have utilized this rule to strike off pleadings filed outside of the twenty day limitation contained in Rule 1026. *Commonwealth of Pennsylvania, Dept. of Transp. v. Kmetz,* 129 Pa.Commw. 97, 98–99, 564 A.2d 1040, 1040 n. 2 (1989); *Moore v. Clabell–Hickory,* 301 Pa.Super. 154, 156–60, 447 A.2d 288, 290–91 (1982). *See* Standard Pa. Practice 2d § 25:45, p. 198.

Appellant opposes this resolution on several grounds. Appellant asserts that its answer cannot be stricken because appellees have failed to establish that they have been prejudiced by the late filing. While we agree that the prejudice appellees assert they have suffered is not the type of prejudice required under Rule 1026,[6] we find it unnecessary to reach this stage of the analysis. As this court correctly noted in *Joyce:*

> It is true that had appellant simply filed the answer without permission of the court, appellee would have been required to initiate a motion to strike the pleading. Appellee would have done so, of course, by filing preliminary objections in the nature of a motion to strike. Appellant, had appellee been forced to such an initiative, would have been required to file a response to the petition to strike the late answer and new matter, and presented in that response, as well as at the subsequent evidentiary hearing, the basis for an assertion that there was "cause" why the late pleading should be allowed. *Had appellant failed to establish such cause, appellee would have been relieved of the burden of establishing the manner in which she was prejudiced.*

*Joyce,* 362 Pa.Super. at 528–29, 524 A.2d at 1365 (emphasis added). Here, appellant failed to establish the basis for the three year and nine month delay in filing. This being so, we conclude that appellant has failed to meet the cause requirement. Thus, the burden has not shifted to appellees to establish how they were prejudiced by the delay. Appellees failure to do so, therefore, cannot constitute grounds for reversal of the trial court and reinstatement of appel-

---

**6.** Appellees assert that they have been prejudiced because appellant's answer and new matter contains defenses different from those asserted by the other two defendants in the case. To constitute prejudice, an opponent's delay must cause a party to suffer "any substantial diminution [in their] ability to present factual information in the event of trial...." *American Bank & Trust Co. of Pennsylvania v. Ritter, Todd & Haayen,* 274 Pa.Super. 285, 287, 418 A.2d 408, 409 (1980). Appellees' allegations of prejudice do not even address the proofs required to be established in the event of trial. Were we to reach the prejudice step of the analysis, clearly appellees' assertions would prove inadequate.

lant's answer and new matter.[7]

■ Appellant also contends that our finding in *Allison* requires this court to conclude that *any time* a party fails to seek a default judgment as a result of a late filed pleading, this *automatically* extends the period within which the party may file its late pleading.[8] Appellant, however, mischaracterizes this court's opinion in *Allison*. The *Allison* court held that where a party does not seek a default judgment, it is within the trial court's discretion to find that the period within which to file an answer has been extended. Thus, in *Allison* the court found that because the plaintiff failed to move for a default judgment, the trial court *could*, within its discretion, refuse to strike the untimely filed answer. *Allison* did not, however, establish the inverse principle, i.e., that where a party does not seek a default judgment the trial court will be found to have abused its discretion where it strikes an answer where a party has not first moved for a default judgment.

■ *Allison* left intact a trial court's authority to strike an untimely filed answer where justice does not require the twenty day rule to be extended. In the instant case, the trial judge concluded that the appellant's three year and nine month delay in filing its answer and new matter, despite the appellees having not moved for a default judgment, did not warrant an extension of the twenty day filing requirement. It is clear that his decision to do so was wholly within his broad discretion over this issue.

7. Were we to hold otherwise, as pointed out by the *Joyce* court, a party could gain an advantage by filing a late answer without first requesting the court's permission to do so under Rule 1003. It would be absurd to articulate a rule whereby a party only has to show cause to file a late pleading where the party requested the court's permission to do so, but does not have to show such cause where they simply filed the late pleading without the court's prior approval. We decline to adopt such an absurd approach.

8. Appellant also cites *Colonial School Dist. v. Romano's School Bus Serv.*, 118 Pa.Commw. 460, 545 A.2d 473 (1988), in which the Commonwealth Court vacated an order by the trial court that struck a defendant's answer and new matter filed approximately twenty-three months late. This case is not precedential and we decline, therefore, to follow the reasoning articulated therein.

In addition, we emphasize that *Allison* is clearly factually distinguishable from the case sub judice. In *Allison*, the defendant delayed filing its answer only two weeks beyond the twenty day period. The *Allison* court highlighted this minimal delay as one of the primary bases supporting its decision to extend the filing period. Conversely, appellant in the instant case delayed three years and nine months in filing its answer. Undoubtedly, these cases are factually distinguishable. This court's holding in *Allison* does not conflict with the disposition here enunciated.

The order of the trial court granting appellees' motion to strike appellant's answer and new matter is affirmed. Jurisdiction is relinquished.