**Lambeth v. Darlington**

*Stephen M. Karp* and *Gail M. Bartsky,* for plaintiff.

*Mark S. Pinnie,* for defendant Martha Darlington.

*Jeffrey H. Eiseman,* for defendant Edgar Bullock and Priscilla Bullock.

SHENKIN, *J.,* March 21, 1991—This case comes to us on the preliminary objections of defendant Martha Darlington to the answer and new matter of plaintiff, Constance L. Lambeth, to the counterclaim of Darlington. The preliminary objections are in the nature of a motion to strike and seek to have stricken certain portions of Lambeth's new matter which Darlington contends were filed too late.

Darlington contends that any answer or new matter in response to her counterclaim was required to be filed within 20 days after service of the counterclaim.[1] She further contends that Lambeth requested an extension of time within which to respond and that such an extension was granted, but was limited as to the defenses which could be raised in the new matter. Lambeth disputes[2] the length,

---

1. Pa.R.C.P. 1026.

2. Darlington's preliminary objections allege many facts not of record and Lambeth disputes many of these allegations. Generally, it is not permissible to raise facts not of record in a motion to strike. See, e.g., 2 Goodrich-Amram §1017(b)8, n.2: "[A motion to strike] will not contain any averments of fact which do not already appear of record." *Id.* But for the fact that the disposition of these objections turns on a point other

content and interpretation of the extension.[3]

than those raised by the parties, this case might be one in which facts extrinsic to the record would properly be raised. In that event, since Darlington has not submitted evidence by deposition or otherwise, Pa.R.C.P. 1028(c), but has ordered the matter for disposition on petition and answer, all averments of fact responsive to the petition and properly pled in the answer are deemed admitted for the purpose of disposition of these preliminary objections. Pa.R.C.P. 209(b). However, because we decide this case on a fact which is of record, we need not consider the issue of whether or not facts outside the record may be raised in connection with a motion to strike.

3. Counsel filing the new matter for plaintiff (plaintiff has different counsel on the complaint) appears to have been less than totally straightforward both in the filing of the new matter and in the opposition to these preliminary objections. First she argues that she did not agree to the terms of the extension agreement so that "no agreement of the parties existed." Plaintiff's memorandum of law at page 2. She admits that she requested an extension, so, obviously, she thought (however erroneously) she needed one. But she does not explain then by what authority she filed her new matter more than 20 days after the filing of the counterclaim. Moreover, she admits that she initiated the request for extension and that she received a reply agreeing *only in part* to her request. While she did not explicitly agree to the extension offered neither did she indicate any disagreement with those terms. From her course of conduct, she was obligated to respond when she received the reply letter if she were dissatisfied with its content. In this case, her silence would be enough to constitute her assent. If at that time she believed, as she now argues, that there was no agreement for an extension and that she required an extension, then how can her failure to do anything further at that point be explained? She argues in her brief that there was no agreement for an extension and thus no limitation on the defenses which she may raise, but she never responds to the main point—that the new matter was filed late—with any explanation or argument as to why the filing of the new matter more than two months after the service of the counterclaim was in fact permissible. It was *she* who sought the extension, it is *she* who argues that the terms of an extension were never agreed upon and it is *she* who never explains why the entire pleading should be considered to have been timely filed at all. We also note that

Darlington argues that since the answer and new matter were required to have been filed within 20 days after service of the counterclaim, any answer filed beyond that time should be stricken for failure to comply with Pa.R.C.P. 1026.[4] She acknowledges

---

after receiving the purported limited extension on September 10, contrary to her assertion that she then filed her answer "promptly," she apparently waited at least 18 days to complete its preparation and then more than another month until it was actually filed of record. She argues disingenuously that the attorney for Darlington never contacted her but then attaches as an exhibit to her brief a letter to her from that very counsel. She argues that the letter from counsel for defendant Martha Darlington is ambiguous, but the letter is perfectly clear and there is no question but that the new matter filed contains defenses as to which there was no extension granted. In response to Darlington's allegation that the answer and new matter were filed on September 28, 1990, she responds with some babble about the date the verification to the answer was taken but does not respond directly to the allegation concerning the date of filing of the answer and new matter, which the record indicates was in fact not filed until October 22, 1990, several days *after* the preliminary objections had been served and filed. Since the facts in Lambeth's answer to Darlington's preliminary objections were verified by counsel personally, she is stating on her own oath that the facts therein are true of her own personal knowledge or that she "believes [them] to be true on the basis of a reasonably diligent inquiry." Comment to Rule 3.3, Candor Toward the Tribunal, Rules of Professional Conduct. Overall, the spirit of the rule requiring candor towards the tribunal appears to have been taken somewhat lightly. Finally, not having raised the issue in her answer or in any other fashion, counsel for Lambeth asserts in her brief that the preliminary objections "are without merit and are frivolous" and requests an award of $500 for her time and effort expended in responding to the preliminary objections, which time and effort did not include finding, raising or arguing the legal point upon which she is fortuitously able to prevail. We decline to make an award of counsel fees.

4. Pa.R.C.P. 1026 provides that every pleading after the complaint "shall be filed within 20 days after service of the preceding pleading." Darlington makes the logical but not

that the answer and a portion of the new matter were permitted to be filed by virtue of an extension granted but that as to the other portions of the new

necessarily legally correct leap to the conclusion that any pleading filed after 20 days is subject to being stricken. But "[t]he word 'shall' in Rule 1026 has always been interpreted flexibly, thus permitting exception to the rule where justice so requires. *Fisher v. Hill,* 368 Pa. 53, 81 A.2d 860 (1951). Thus, the 20-day filing rule is said to be permissive rather than mandatory." *Francisco v. Ford Motor Company,* 397 Pa. Super. 430, 580 A.2d 374 (1990), *citing Urban v. Urban,* 332 Pa. Super. 373, 378, 481 A.2d 662, 665 (1984). Generally, a defendant's answer, clearly a pleading subsequent to the complaint, filed more than 20 days after service of the complaint will *not* be stricken as untimely filed, *Allison v. Merris,* 342 Pa. Super. 571, 493 A.2d 738 (1985); *Colonial School District v. Romano's School Bus Service,* 118 Pa. Commw. 460, 545 A.2d 473 (1988) (answer filed 23 months late), except, perhaps, in cases in which an "abject indifference" is shown. *Joyce v. Safeguard Mutual Insurance Company,* 362 Pa. Super. 522, 524 A.2d 1362 (1987), *rev'd on other grounds sub nom. Safeguard Mutual Insurance Company v. Joyce,* 517 Pa. 488, 539 A.2d. 340 (1988); *Francisco v. Ford Motor Company, supra.* An apparently similar mandatory commandment is likewise not as mandatory as it appears on the surface. Pa.R.C.P. 2252(b)(1) provides that when an additional defendant is joined by writ "the joining party shall file his complaint within 20 days from the filing of the praecipe for the writ." Nevertheless, a complaint filed more than 20 days after the filing of the praecipe for the writ will *not* be stricken as untimely filed. *Alexander v. Mastercraft Construction Company Inc.,* 455 Pa. 579, 317 A.2d 278 (1974). Therefore, although Pa.R.C.P. 1026 does state that subsequent pleadings will be filed within 20 days of the preceding pleading, the penalty for violation of that rule is not at all clear. As noted above, the rule has no teeth when an answer to a complaint is at issue, except, perhaps, in the most egregious cases. However, the analogy to the answer to the complaint and to the complaint against additional defendant might not be entirely appropriate. The rationale behind the decisions that the 20-day filing limit is not automatically enforceable is based upon the availability of an alternate remedy. The plaintiff who has filed a complaint which has not been responded to may proceed

matter there was no such extension and, therefore, those portions should be stricken. In support of that argument, counsel for Darlington cites Pa.R.C.P. 1026 for the proposition that "every pleading subsequent to the complaint shall be filed within 20 days of the service of the preceding pleading. . . ." See memorandum of law in support of preliminary objections at 2. (emphasis supplied) And we have emphasized the ellipsis because, as is not unusual, what is omitted is more significant than what is quoted. The portion of Pa.R.C.P. 1026 quoted in the memorandum is followed by "but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead." Pa.R.C.P. 1026. Since the counterclaim of Darlington contained no such notice and was not so endorsed, plaintiff was not subject to the constraints of Pa.R.C.P. 1026. Thus, the agreement for an extension was a nullity ab initio. Cf. *McCormick v. Allegheny General Hospital,* 364 Pa. Super. 210, 527 A.2d 1028 (1987). See also 2 Goodrich-Amran 2d §1026:2 which states, "In every case, the appropriate notice to plead is a condition precedent to action by the opponent, within the 20-day period." Lambeth's counsel's request for an extension does not

---

towards a default judgment. The additional defendant joined by writ may enter a rule upon the joining party to file a complaint. In other cases, however, there may be no similar remedy. For instance, if one files new matter and the other party simply fails to respond, the result may be that the factual allegations of the new matter are deemed admitted. Those admissions may not be dispositive of the case and, therefore, it may be at that stage of the proceedings there is nothing further for that party to do. If then at some greatly later time the other party files a reply denying the factual allegations of the new matter, is the original party without a remedy? Fortunately that question is not one which we must answer in this case.

waive the requirement of a notice to plead. *Gerber v. Emes,* 354 Pa. Super. 75, 511 A.2d 193 (1986). In the absence of any endorsement on the counter-claim, plaintiff was under no time constraint to respond and, thus, the argument of Darlington that portions of plaintiff's new matter were not timely filed is without merit.

Accordingly, we enter the following

## ORDER

And now, March 21, 1991, upon consideration of the preliminary objections of defendant, Martha Darlington, to the answer and new matter of plain-tiff, Constance L. Lambeth, to the counterclaim of defendant Martha Darlington, the said preliminary objections are hereby denied. Pursuant to Pa.R.C.P. 1028(d), defendant, Martha Darlington, shall have the right to plead over to the new matter of plaintiff, Constance L. Lambeth, to the counterclaim of de-fendant Martha Darlington within 20 days after notice of this order.