J-A02015-19

2019 PA Super 92

| | | |
|---|---|---|
| JAIDEN BUCHAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THE MILTON HERSHEY SCHOOL; | : | No. 739 MDA 2018 |
| PETER GURT, INDIVIDUALLY & AS | : | |
| PRESIDENT OF THE MILTON | : | |
| HERSHEY SCHOOL; KATHERINE | : | |
| AKINS; RONALD AKINS; AND KELLEY | : | |
| RUSENKO | : | |

Appeal from the Order Entered April 4, 2018
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2017-CV-5121

BEFORE:  LAZARUS, J., DUBOW, J., and NICHOLS, J.

OPINION BY DUBOW, J.:                **FILED: MARCH 27, 2019**

Appellant, Jaiden Buchan, appeals from the April 4, 2018 Order entered in the Dauphin County Court of Common Pleas sustaining the Preliminary Objections filed by Appellees, the Milton Hershey School, Peter Gurt, Katherine Akins, Ronald Akins, and Kelley Rusenko, and dismissing Appellant's Complaint with prejudice.  After careful review, we affirm.

**Appellant's Federal Court Action**

On December 28, 2016, Appellant filed an eight-count Complaint[1] against Appellees in the U.S. District Court for the Middle District of

---

[1] Appellant alleged the following claims against Appellees: (1) Violation of the Americans with Disabilities Act; (2) Violation of the Fair Housing Act; (3) Negligence; (4) Intentional Infliction of Emotional Distress; (5) Negligent Infliction of Emotional Distress; (6) Breach of Fiduciary Duties of Care and

Pennsylvania.[2,][3]   Appellant's claims arose from incidents that she alleges occurred during time she spent as a resident and student at the Milton Hershey School, a private residential school for children.

On March 20, 2017, Appellees filed a Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  On May 1, 2017, Appellant filed an Amended Complaint.  On May 15, 2017, Appellees renewed their Motion to Dismiss for Failure to State a Claim.

On June 19, 2017, Appellant filed a Notice of Voluntary Dismissal Without Prejudice pursuant to Fed. R. Civ. P. 41.  The following day, the federal court clerk administratively closed Appellant's case by noting "civil case terminated."  ***See Buchan v. The Milton Hershey School, et al.***, Docket No. 1:16-CV-02557-CCC.

**Appellant's State Court Action**

Almost one month later, on July 11, 2017, Appellant initiated the instant action in the Dauphin County Court of Pleas by filing a *Praecipe* for *Writ* of

---

Good Faith; (7) Negligence *Per Se*; and (8) Malicious Prosecution.  **See** Federal Complaint, 12/28/16.

[2] ***See Buchan v. The Milton Hershey School, et al.***, Docket No. 1:16-CV-02557-CCC.

[3] Two of Appellant's claims arose under federal law.  Appellant pleaded in the Complaint that the federal court had supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367(a).

Summons.[4]   On September 7, 2017, Appellant filed a Complaint against Appellees alleging (1) Negligence; (2) Breach of Duties of Care and Good Faith; (3) Intentional Infliction of Emotional Distress; (4) Negligent Infliction of Emotional Distress; and (5) Malicious Prosecution.  *See* Complaint, 9/7/17. Appellant filed a First Amended Complaint on October 17, 2017.[5]   Each of these claims has a two-year statute of limitations.  *See* 42 Pa.C.S. § 5524(1); (7).  It is undisputed that the two-year statute of limitations for Appellant's claims began to run on her eighteenth birthday—January 4, 2015.[6]

On October 27, 2017, Appellees filed Preliminary Objections to Appellant's First Amended Complaint, alleging, *inter alia*, that the statute of limitations barred Appellant's claims.

Appellant filed a Response to Appellees' Preliminary Objections on November 16, 2017.  Appellant averred in her Response that the instant Complaint was timely because the filing of a Complaint in federal court within the statute of limitations had tolled the statute of limitations for timely filing

---

[4] Appellant had the *Writ* reissued on August 11, 2017, and served it on August 15, 2017.

[5] In the Amended Complaint, Appellant removed the Hershey Trust Company as a defendant, and reordered the presentation of her claims.  The substantive allegations in the Amended Complaint are not materially different from those in the Complaint.

[6] *See* 42 Pa.C.S. § 5533(b).

the state-law claims in state court. **See** Response, 11/16/17, at ¶¶ 91-92, (*citing* 42 Pa.C.S. § 5103(b)[7]).

On December 6, 2017, Appellees filed a Brief in Support of their Preliminary Objections, in which they argued, *inter alia*, that Appellant's reliance on 42 Pa.C.S. § 5103 to rehabilitate her otherwise untimely state law action was misplaced. In particular, Appellees averred that Section 5103 did not apply "because (1) [Appellant's] state law claims were never transferred, remanded, or dismissed by the federal district court and (2) even if [Appellant's] voluntary dismissal could be construed as a dismissal by the district court, binding case law from the Supreme Court of the United States holds that such dismissal is not 'for lack of jurisdiction,' as required to invoke § 5103(b)." Brief, 12/6/17, at 21 (emphasis omitted).

On December 28, 2017, Appellant filed a Motion for Enlargement of Time to file a reply to Appellees' Brief in Support of their Preliminary Objections.

On December 29, 2017, before the court had ruled on her Motion for Enlargement of Time, Appellant filed a Reply Memorandum of Law in which she argued, for the first time, that 28 U.S.C. § 1367(d)[8] applied to toll the statute of limitations in the instant state court action. Reply Memorandum,

---

[7] Section 5103(b) provides that where a "matter is dismissed by the United States court for lack of jurisdiction" the filing of a federal complaint has tolled the statute of limitations for filing a state court action. 42 Pa.C.S. § 5103(b).

[8] 28 U.S.C. § 1367(d) provides a plaintiff with 30 days to refile state claims in a state court when the U.S. District Court has declined to exercise supplemental jurisdiction over those claims. **See** 28 U.S.C. § 1367(d).

12/29/17, at 3. She baldly claimed that "[u]nlike Pennsylvania Courts of Common Pleas, nothing in federal court occurs without the imprimatur of the [f]ederal [c]ourt, *i.e.*, the [f]ederal [c]ourt approved [Appellant's] voluntary withdraw[al] on June 20, 2017." *Id.* at 4. Thus, she concludes that she timely filed her July 11, 2017 *Praecipe* for *Writ* of Summons within 30 days of the federal court "grant[ing] her motion and terminat[ing] the matter on June 20, 2017." *Id.*

On January 2, 2018, the trial court entered an Order indicating that it would not consider Appellant's Motion for Enlargement of Time because Appellant had violated Dauphin County Local Rules 208.2(d) and 205.2(a)(3).[9]

On March 12, 2018, Appellees filed a Motion to Strike Appellant's December 29, 2017 Memorandum of Law and to preclude Appellant's participation in oral argument owing to Appellant's non-compliance with Local Rule No. 208.2(d). Appellant responded on March 16, 2018, by filing a Response in Opposition to Appellees' Motion and a Cross-Motion for leave to file a Reply Memorandum *Nunc Pro Tunc*.

---

[9] Dauphin County Local Rule No. 208.2(d) requires a movant to certify that it has "disclosed the full text of the motion and the proposed order to all parties . . . and that concurrence to both the motion and proposed order has been given or denied by each party." Local Rule No. 205.2(a)(3) requires that proposed orders or alternative orders accompany all civil motions, petitions, administrative applications, and answers or responses. *See* Local Rule No. 205.2(a)(3)(a). It also requires that proposed orders contain a distribution legend with contact information of all attorneys and self-represented parties served with the pleading. *See id* at No. 205.2(a)(3)(b).

On March 21, 2018, the trial court held a hearing on Appellees' Preliminary Objections. The next day, Appellees filed a Motion to Supplement Exhibits to Preliminary Objections. In this Motion, Appellees noted that, at the hearing the previous day, Appellant's counsel relied exclusively on Appellant's 28 U.S.C. § 1367(d) argument, which Appellant had advanced for the first time in her untimely Memorandum of Law. Appellees, thus, sought to supplement the exhibits to their Preliminary Objections to address Appellant's Section 1367(d) argument, in the event that the court declined to grant their outstanding Motion to Strike Appellant's December 29, 2017 Memorandum of Law. Appellees reiterated that Appellant did not raise her Section 1367(d) claim in her initial response to their Preliminary Objections.

On April 4, 2018, the trial court sustained Appellees' Preliminary Objections and dismissed Appellant's Complaint with prejudice.[10] With respect to the substantive issues, the court rejected Appellant's argument that the voluntary dismissal of her federal Complaint without prejudice rendered her

_____

[10] The court noted in its Memorandum Opinion that, in ruling on the Preliminary Objections, it had considered Appellant's November 16, 2017 Response and Brief in Opposition to Appellees' Preliminary Objections, but it declined to consider her December 29, 2017 Reply Brief as Appellant had filed it in violation of Dauphin County Local Rule 210(3), which prohibits a party from filing a reply brief "unless otherwise directed by the Assigned Judge." **See** Trial Ct. Op., 4/4/18, at 1 (citing Dauphin County Local Rule No. 210(3)). However, in its Opinion, the court also specifically found that Appellant could not rely on 28 U.S.C. § 1367(d)—the statute Appellant invoked for the first time in her Reply Brief, which the court claimed not to have considered in ruling on Appellees' Preliminary Objections—to toll the statute of limitations. **See id.** at 4.

state court Complaint timely, and found Appellant's state law claims time-barred. Trial Ct. Op., 4/4/18, at 1-2.

This timely appeal followed. Appellant complied with the court's Order directing her to file a Pa.R.A.P. 1925(b) Statement. The court relied on its April 4, 2018 Memorandum Opinion in support of affirmance.

Appellant raises the following issues on appeal:

1. Pursuant to 28 U.S.C. § 1367 and 42 Pa.C.S. § 5103, did [Appellant's] timely commencement of her federal action and then timely and complete transfer of that action to the Dauphin County Court of Common Pleas toll the [s]tatute of [l]imitations?

2. Pursuant to Pa.R.C.P. 126, did the Court of Common Pleas err in striking [Appellant's] Reply?

Appellant's Brief at 10.

In her first issue, Appellant claims that the trial court erred in sustaining Appellees' Preliminary Objections and concluding that, in the absence of an order from the federal court, her timely filed federal court action did not toll the statute of limitations on her state claims.

This Court reviews an order sustaining preliminary objections "to determine whether the trial court committed an error of law." *Richmond v. McHale*, 35 A.3d 779, 783 (Pa. Super. 2012). "In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts

averred." ***Clemleddy Const., Inc. v. Yorston***, 810 A.2d 693, 696 (Pa. Super. 2002) (citation omitted).

To the extent that our review of Appellant's claim requires us to interpret procedural rules, "our standard of review is *de novo*, and our scope of review is plenary." ***Barrick v. Holy Spirit Hosp. of the Sisters of Christian Charity***, 32 A.3d 800, 808 (Pa. Super. 2011) (*en banc*) (noting also that the interpretation and application of procedural rules presents a question of law).

28 U.S.C. § 1367(d) provides that "[t]he period of limitations for any claim asserted under subsection (a) [pertaining to supplemental jurisdiction], and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed[.]" 28 U.S.C. § 1367(d).

42 Pa.C.S. § 5103 provides, in relevant part, that the statute of limitations on a state law cause of action will toll when a litigant timely commences an action in federal district court, "and the matter is dismissed by the United States court for lack of jurisdiction." 42 Pa.C.S. § 5103(b)(1).

Appellant claims that she timely filed her Complaint in Dauphin County. In support of this claim, and contrary to the argument she initially made before the trial court in her December 29, 2017 Reply Memorandum, Appellant now argues that when she voluntarily dismissed her federal claims, she "rendered the federal court without federal jurisdiction." Appellant's Brief at 17. She concedes that the federal court did not enter an order terminating her case,

but rather the federal clerk of courts terminated it administratively. *Id.* Notwithstanding, she argues that no order of court was needed or possible because her voluntary dismissal had divested the federal court of jurisdiction. *Id.*

In addressing Appellant's claims, the trial court emphasized that because Appellant "voluntarily dismissed her Complaint, the District Court took no action on it[.]" Trial Ct. Op. at 4. It found that both Section 5103 and Section 1367(d) "only toll the statute of limitations when the District Court itself dismisses some or all of [a p]laintiff's claims." *Id.* Thus, the court concluded that Appellant's "federal action that she later dismissed did not serve to toll the statute of limitations on her current claims, and the action that she filed [in state court] is facially untimely." *Id.*

We agree. The plain language of Section 5103 indicates that it applies only when "the matter **is dismissed by the United States court** for lack of jurisdiction." 42 Pa.C.S. § 5103(b)(1) (emphasis added). Here, the U.S. District Court did not dismiss Appellant's claims for lack of jurisdiction. Rather, Appellant voluntarily dismissed her Complaint and the federal court clerk merely marked her case administratively dismissed. Thus, Appellant's filing of an action in federal district court, and subsequent voluntary dismissal of it, did not toll the statute of limitations such that the instant state court action was timely.

Appellant's reliance on Section 1367(d) is similarly misplaced. Appellant baldly claims that she is entitled to relief because the "voluntary dismissal" of

her federal Complaint "is expressly authorized by 28 U.S.C. § 1367(d)." Appellant's Brief at 18.

Section 1367(d) tolls the limitations period for state law claims that are pending before a federal court under supplemental jurisdiction. Although Appellant is correct that Section 1367(d) includes the phrase "voluntary dismissal," she fails to acknowledge that the language of Section 1367(d) indicates that the 30-day tolling period set forth in Section 1367(d) only applies when a plaintiff voluntarily dismisses any claim **other than** one that is pending before a federal court under supplemental jurisdiction. Appellant asserted all of her state law claims in her federal Complaint under supplemental jurisdiction. She then voluntarily dismissed all of those state law claims. Thus, because Appellant did not voluntarily dismiss any claims other than those she asserted in federal court under supplemental jurisdiction, the "voluntarily dismissed" language of Section 1367(d) does not apply to Appellant's claims. Accordingly, Appellant cannot rely on Section 1367(d) to render her otherwise untimely state Complaint timely.

In her second issue, Appellant baldly claims that the trial court should not have stricken the December 29, 2017 Reply Memorandum that she filed "unilaterally and in violation of [l]ocal [r]ule."[11] Appellant's Brief at 22. In

_____

[11] We review an order striking a pleading for an abuse of discretion. **Francisco v. Ford Motor Co.**, 580 A.2d 374, 375 (Pa. Super. 1990). "Thus, as an appellate court reviewing the ruling of a trial court, we may not

the alternative, she avers that, after striking the Reply Memorandum, the court should have granted her Cross-Motion for leave to file a Reply Memorandum *Nunc Pro Tunc*. **Id.** Appellant concedes, however, that the "striking of the Reply appeared inconsequential to the trial court's [O]pinion" given that she argued the merits of the issues raised therein, without objection, at the hearing on Appellees' Preliminary Objections. **Id.**

We agree with Appellant that, notwithstanding the court's purported decision to strike her Reply Memorandum, the court appears to have actually considered the merits of the issues raised therein when it rendered its decision. **See** Trial Ct. Op. at 4 (where the trial court concluded that Appellant could not rely on 28 U.S.C. § 1367 to toll the statute of limitations). Thus, we conclude that Appellant was not aggrieved by the court's nominal decision to strike her Reply Memorandum.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/27/2019

_____

substitute our judgment for the judgment of the trial court, absent evidence that the trial court abused its discretion." **Id.**