681 A.2d 167

**PETERS CREEK SANITARY AUTHORITY, Appellant,**

v.

**Thomas WELCH, Janice Welch and Mark Welch, Appellees.**

Supreme Court of Pennsylvania.

Argued March 4, 1996.

Decided Aug. 21, 1996.

Susan M. Key, Jeffrey A. Watson, for Peters Creek Sanitary Authority.

James A. Ashton, Dana P. Murphy, James R. Cooney, for Thomas, Janice and Mark Welch.

Before FLAHERTY, ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

## OPINION OF THE COURT

CASTILLE, Justice.

The sole issue on appeal is whether a trial court may strike an answer to a complaint as untimely where it is filed approximately twenty-three (23) months after the complaint was served and one (1) day before trial was set to begin even though the plaintiff failed to move for default judgment. Because we find that it is within the trial court's broad discretion to strike as untimely an answer which blatantly ignores the time limits set by procedural rules and that the trial court does not abuse its discretion in striking an answer where the moving party has failed to seek a default judgment, we reverse the order of the Commonwealth Court and reinstate the order of the trial court striking appellees' answer and new matter.

The relevant facts giving rise to this appeal are that on August 29, 1991, Peters Creek Sanitary Authority (Peters Creek) filed a complaint in the Washington County Court of Common Pleas against appellees, Thomas Welch, Janice Welch and Mark Welch, for delinquent sewer charges in the amount of $1,602.27 plus interest. All appellees were served with the complaint on September 4, 1991.

The case then proceeded to arbitration in late 1991. When arbitration occurred, appellees still had not filed an answer to Peters Creek's complaint. On December 23, 1991, a board of arbitrators found in favor of Peters Creek and against appellees. On January 23, 1992, Janice Welch filed a *pro se* appeal from the arbitration award and demanded a jury trial in the Washington County Court of Common Pleas (trial court).

Ms. Welch remained unrepresented by counsel until March 12, 1993. On that date, an attorney entered her appearance on behalf of Ms. Welch. On that same date, the trial court held a pre-trial scheduling conference. The trial court scheduled a non-jury trial to begin on July 27, 1993.

On July 26, 1993, Ms. Welch's attorney filed an answer and new matter to Peters Creek's complaint. At trial on July 27, 1993, Peters Creek made an oral motion to strike Ms. Welch's Answer and New Matter since it was filed almost twenty-three months after Peters Creek served Ms. Welch with its complaint, in violation of Rule 1026 of the Rules of Civil Procedure.[1] The trial court, relying on *Francisco v. Ford Motor Co.*, 397 Pa.Super. 430, 580 A.2d 374 (1990), *appeal denied,* 527 Pa. 633, 592 A.2d 1301 (1991),[2] granted Peters Creek's motion because it found that Ms. Welch was unable to establish a reasonable basis for the extended delay in filing her answer and new matter almost twenty-three (23) months after Peters Creek served her with its complaint. Since Ms. Welch indicated to the trial court that it was her intent to appeal immediately the decision to strike her Answer and New Matter, the trial court granted Ms. Welch's oral motion to delay the non-jury trial so that she could appeal the court's ruling.

Ms. Welch appealed that decision to the Commonwealth Court.[3] The Commonwealth Court, relying on *Colonial School District v. Romano's School Bus Service*, 118 Pa. Commw. 460, 545 A.2d 473 (1988),[4] held that the opposing

1. Under Rule 1026, every pleading subsequent to the complaint must be filed within twenty (20) days after service of the preceding pleading.

2. In *Francisco,* the trial court struck an answer filed forty-five (45) months after the complaint was filed. The Superior Court found that this delay constituted an "abject indifference" towards the Rules of Civil Procedure. Moreover, the Superior Court held that a party who files an untimely answer must show just cause for its delay and it is only after such a showing has been made that the trial court must require the moving party to demonstrate prejudice resulting from the late pleading.

3. The Commonwealth Court *sua sponte* considered the appealability of the trial court's ruling. The Commonwealth Court, relying on *Urban v. Urban,* 332 Pa.Super. 373, 378, 481 A.2d 662, 665 (1984) concluded that the trial court's order striking appellant's answer constituted a sufficiently final order since it prevented appellant from challenging the averments of the complaint and from asserting affirmative defenses.

4. In *Colonial School District,* the Commonwealth Court held that the trial court abused its discretion by striking defendant's answer, even though filed 23 months after the complaint was filed, where the plaintiff did not avail itself of the opportunity to take a default judgment prior to

party must attempt to secure a default judgment before the trial court could strike an answer as untimely since failure to seek a judgment by default automatically extends the time within which a defendant is permitted to file an answer. Because Peters Creek never attempted to secure a default judgment, the Commonwealth Court held that the trial court abused its discretion in striking Ms. Welch's Answer and New Matter. Thus, the Commonwealth Court remanded the matter to the trial court with instruction to reinstate the Answer and New Matter.

On May 12, 1995, Peters Creek filed a petition for allowance of appeal from the Commonwealth Court's order. We granted allocatur to resolve the conflict between the Superior Court and the Commonwealth Court on the necessity of a party's filing for a default judgment before being able to succeed on a motion to strike a pleading as untimely.

Rule 1026(a) of the Pennsylvania Rules of Civil Procedure provides that:

> [E]very pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead.

Pa. R. Civ. P. 1026(a). Rule 126 of the Pennsylvania Rules of Civil Procedure requires that:

> [T]he rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Pa. R. Civ. P. 126. In that regard, this Court has interpreted the timing requirements of Rule 1026 as follows:

> [T]his rule is not mandatory but permissive. We have held that late pleadings may be filed 'if the opposite party is not

the filing of the answer and plaintiff did not demonstrate that it was prejudiced by the delay.

prejudiced and justice requires. Much must be left to the discretion of the lower court.'

*Paulish v. Bakaitis,* 442 Pa. 434, 441, 275 A.2d 318, 321–22 (1971), *quoting, Fisher v. Hill,* 368 Pa. 53, 57, 81 A.2d 860, 863 (1951).

Both parties and both intermediate appellate courts recognize that the granting of a motion to strike lies within the trial court's broad discretion. The parties and courts, however, disagree over when the trial court abuses its discretion. Commonwealth Court precedent holds that the trial court abuses its discretion in granting such a motion when the party moving to strike has not filed for default judgment since the failure to seek a default judgment automatically extends the period within which the party may file its late pleading. *See Colonial School District, supra; Davis v. Pennsylvania Liquor Control Board,* 130 Pa. Commw. 287, 568 A.2d 270 (1989), *appeal denied,* 525 Pa. 637, 578 A.2d 931 (1990). Superior Court precedent, however, requires a party who files an untimely answer to show just cause for the delay and it is only after such a showing has been made that the trial court must require the moving party to demonstrate prejudice resulting from the late pleading. Moreover, Superior Court precedent also holds as a general rule that the trial court may strike the answer of a party who blatantly ignores the time limits set by the Rules of Civil Procedure even though the moving party has not sought a default judgment. *See Francisco, supra; Joyce v. Safeguard Mutual Insurance Co.,* 362 Pa.Super. 522, 524 A.2d 1362 (1987), *rev'd on other grounds,* 517 Pa. 488, 539 A.2d 340 (1988) (*per curiam* ).

Today, we adopt the standard established by Superior Court precedent and hold that the trial court does not abuse its discretion in granting a motion to strike an answer even though the moving party has not sought a default judgment since the failure to seek a default judgment does not act to automatically extend the period in which to file an answer. When a party moves to strike a pleading, the party who files the untimely pleading must demonstrate just cause for the delay. It is only after a showing of just cause has been

made that the moving party needs to demonstrate that it has been prejudiced by the late pleading. *See Francisco, supra* at 438, 580 A.2d at 378. Thus, the trial court does not abuse its discretion in striking a pleading as untimely where it finds that a party's blatant disregard for the time limits established by the Rules of Civil Procedure, without just cause for the delay, constitutes an abject indifference to the Rules.

Here, the trial court found that Ms. Welch failed to show just cause for her extended delay in filing an answer and new matter to Peters Creek's complaint and that the twenty-three months delay constituted an abject indifference of the Rules of Civil Procedure.[5] Moreover, despite Peters Creek's failure to move for a default judgment, the trial court found no reason to extend the twenty (20) day filing period established by Rule 1026. It is clear that such a decision was wholly within the trial court's broad discretion. Thus, the trial court did not abuse its discretion in granting Peters Creek's motion to strike Ms. Welch's Answer and New Matter as untimely.[6]

**5.** While not raised on appeal, the trial court found that the fact that Ms. Welch acted *pro se* for the majority of time after Peters Creek filed its complaint did not amount to just cause for filing an untimely answer. This holding comports with this Court's view on *pro se* litigants. *See Vann v. Unemployment Compensation Board of Review*, 508 Pa. 139, 148, 494 A.2d 1081, 1086 (1985) (*pro se* litigant must to some extent assume the risk that his lack of legal training will prove his undoing); *Commonwealth v. Abu–Jamal*, 521 Pa. 188, 200, 555 A.2d 846, 852 (1989) (*pro se* litigant "is subject to same rules of procedure as is a counseled defendant; he has no greater right to be heard than he would have if he were represented by an attorney"); *See also, Jones v. Rudenstein*, 401 Pa.Super. 400, 404, 585 A.2d 520, 522, *appeal denied*, 529 Pa. 634, 600 A.2d 954 (1991) (*pro se* litigant not absolved of complying with procedural rules and courts have no affirmative duty to walk *pro se* litigant through the rules).

**6.** While Peters Creek was not required to demonstrate prejudice since Ms. Welch was unable to show just cause for her delay, a review of the hearing on the motion to strike shows that Peters Creek articulated a colorable claim of prejudice. In particular, Peters Creek claimed it was prejudiced by the filing of the Answer and New Matter one day before trial since it had not been made aware of the facts or allegations in its complaint that Ms. Welch would deny (*See* Pa. R. Civ. P. 1029 which states that averments not denied specifically or by necessary implication are deemed admitted) and it was never made aware of or had time to prepare for any affirmative defenses intended to be raised (*See* Pa. R. Civ. P. 1032 which provides that a party waives all defenses and

Accordingly, the order of the Commonwealth Court is reversed and the trial court's order striking the answer and new matter is reinstated.

NIX, former C.J., and NEWMAN, J., did not participate in the consideration or decision in this case.

objections that are not presented in preliminary objections or the answer).