**Mogilyansky v. Sych**

*Andrew G. Gay,* for plaintiff.
*Stefan Richter,* for defendants.

HERRON, *J.,* January 4, 2001—Defendants Svetlana Sych, Yvegeny Sych and Russian Market Inc. have filed preliminary objections to the amended complaint of plaintiff Alexander Mogilyansky. In response, Mogilyansky has filed a praecipe to overrule the objections. For the reasons set forth in this opinion, the court is issuing a contemporaneous order overruling the objections.

## BACKGROUND

On August 14, 2000, Mogilyansky filed the complaint, which includes counts arising from Yvegeny and Svetlana's alleged mismanagement of Market. The defendants filed the objections on September 13, but did not file a corresponding motion to determine the objections until November 2. In the interim, the plaintiff filed the praecipe on October 17.

## DISCUSSION

Philadelphia Civil Rule *1028 requires that a party raising preliminary objections file a copy of the objections with the motion court 30 days of filing the objections with the prothonotary. Phila.C.R. *1028(A). If a party does not comply with this requirement, the responding party may file a praecipe in the motion court asking that the objections be overruled. Phila.C.R. *1028(B).

There is no case law addressing the standard to be applied in evaluating a praecipe filed under Philadelphia Civil Rule *1028(B).[1] However, the Pennsylvania Supreme Court has outlined the test to be used when pleadings are untimely:

"When a party moves to strike a pleading, the party who files the untimely pleading must demonstrate just cause for the delay. It is only after a showing of just cause has been made that the moving party needs to demonstrate that it has been prejudiced by the late pleading." *Peters Creek Sanitary Authority v. Welch,* 545 Pa. 309, 314-15, 681 A.2d 167, 170 (1996). In the absence of any other compelling authority, the court believes it appropriate to adopt this test for situations where a party fails to file objections in the motion court in a timely manner.

---

1. Prior to 2000, this rule directed that a court "shall overrule the preliminary objections and order the objecting party to answer within 20 days of the date of the court's order." Because this provision has been deleted, it is unclear under what conditions a court should overrule preliminary objections based on a failure to file in the motion court.

Here, the defendants did not file the objections in the motion court until November 2, 20 days after such a filing was required and 16 days after the praecipe was filed.[2] In addition, the defendants do not claim to have just cause for the delay in filing the objections in the motion court.[3] As a result, the court is issuing a contemporaneous order overruling the objections.

## ORDER

It appearing to the court that the preliminary objections filed herein were not filed with the clerk of the motion court within the time required by Phila.C.R. *1028, in accordance with the memorandum opinion being filed contemporaneously with this order, the said objections are hereby overruled and the objecting party is hereby granted the right to plead over within 20 days after notice of this order.

---

2. Moreover, the objections were not filed with the prothonotary until after the expiration of the 20-day pleading period set forth in Pa.R.C.P. 1026(a).

3. Indeed, the defendants ignore the praecipe and their own delinquency completely in the objections and the accompanying memorandum.