## Pishnick v. Laske

C.P. of Monroe County, No. 9697 Civil 2009.

*S. Bruccoleri,* for plaintiff.
*M. Bushman, K. Wright,* & *M. Merlini,* for defendants.

ZULICK, *J.,* May 23, 2012—Plaintiffs, Catherine and Charles T. Pishnick, brought this medical malpractice action against the defendants, Douglas Walter Laske, M.D., Temple University Hospital, Inc., Terrance S. Chilson, M.D., St. Luke's Health Services, Inc., individually and d/b/a Medical Associates of the Pocono Mountains ("St. Luke's"), Michael H. Schuman, M.D., and Medical Associates of Monroe County, P.C.,[1] alleging a failure to diagnose a stroke and blockage of her carotid artery, which led to a second, more severe stroke and left side paralysis. Currently before the court are the Pishnicks' preliminary objections to the answer and new matter of Dr. Schuman and Medical Associates of Monroe County as well as the

---

1. After review of the file, it is clear that the case caption in this court does not reflect the actual parties to this action. As of December 15, 2005, the matter was discontinued, by stipulation, as to defendant, Pocono Neurology Associates. Further, two Philadelphia cases were consolidated before transfer to Monroe County and Medical Associates of Monroe County, P.C. was a defendant in that consolidated action.

Pishnicks' motion seeking sanctions from Dr. Chilson for the late submission of a defense expert report.

## BACKGROUND

This action was initiated by the filing of two writs of summons in April and May, 2005 in Philadelphia County. The complaints were filed on July 20, 2005 and August 23, 2005. On February 8, 2006, the two cases were consolidated and transferred to Monroe County by order of the Honorable Jacqueline Allen of the Philadelphia Court of Common Pleas. Notice of appeal of the transfer was timely filed. The superior court affirmed the transfer on October 3, 2007. The Supreme Court denied the petition for allowance of appeal on May 21, 2009. Counsel for the Pishnicks filed a praecipe to transfer the case to Monroe County on August 5, 2009.

By order dated May 3, 2011, the Honorable Linda Wallach Miller set the final deadlines for discovery and expert reports. According to that order, discovery was to be completed by June 14, 2011, the Pishnicks' expert reports were to be submitted by August 14, 2011, and the defendants' expert reports were due by October 14, 2011. By letter dated October 13, 2011, counsel for Dr. Chilson and St. Luke's requested a three week extension of the time to file their expert's report, which the Pishnicks' attorney consented to.

The parties appeared for argument before the court on February 6, 2012 on the issue of Dr. Schuman's motion to compel an independent vocational examination of Ms. Pishnick in which the other defendants joined. At argument,

the court asked counsel for the parties whether there were any remaining discovery issues. Counsel all answered in the negative. Following argument, on February 10, 2012, the court issued an order granting the request for an independent vocational examination of Ms. Pishnick, closing discovery, and directing the Pishnicks' counsel to arrange for the scheduling of a pre-trial conference.

The same day, Dr. Schuman and Medical Associates of Monroe County filed their answers with new matter to the Pishnicks' complaint. On February 22, 2012, the Pishnicks filed preliminary objections to the answers and new matter of Dr. Schuman and Medical Associates of Monroe County, arguing that the answers had been filed well beyond the time limits authorized by the Pennsylvania Rules of Civil Procedure. The Pishnicks request that the court strike the answers and new matter of Dr. Schuman and Medical Associates of Monroe County.

In response, Dr. Schuman and Medical Associates of Monroe County point to the lengthy procedural history of the case and the extended litigation on the venue issue as a reasonable explanation for the delay in their filings. Dr. Schuman and Medical Associates of Monroe County also argue that, because discovery has progressed in the case, there are no surprise defenses raised by the answers and new matter. Finally, Dr. Schuman is suffering from dementia, which his counsel cites as a further explanation for the delay in filing his answer and new matter. Accordingly, Dr. Schuman and Medical Associates of Monroe County request that the Pishnicks' preliminary objections be

denied. On March 29, 2012, the Pishnicks filed a reply, which points out that Drs. Laske and Chilson filed timely answers to the complaint.

On March 1, 2012, Dr. Chilson and St. Luke's submitted a defense liability expert report of Dr. James A. Morris to the Pishnicks. On March 9, 2012, the Pishnicks filed a motion for sanctions to strike Dr. Morris' report. In support of their motion, the Pishnicks highlight the prior order of Judge Miller, which set the deadline for defense expert reports for October 14, 2011 as well as the request to extend that deadline by three weeks to demonstrate the disregard for the pre-trial deadlines. In response, Dr. Chilson and St. Luke's argue that this court's order of February 10, 2012 closing discovery only related to "factual discovery, and not production of expert reports." Further, Dr. Chilson and St. Luke's argue that because trial is still another year away, there is no prejudice to the Pishnicks through the production of this expert report.

Counsel for the parties presented argument before the court on both issues on May 7, 2012.

## DISCUSSION

I. *Dr. Schuman and Medical Associates of Monroe County's Late Answers*

Pennsylvania Rule of Civil Procedure 1026 provides in pertinent part that "every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading." Pa. R. Civ. P. 1026(a). Rule 126 provides, however, that

[t]he rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Pa. R. Civ. P. 126.

Our Supreme Court has held "that it is within the trial court's broad discretion to strike as untimely an answer which blatantly ignores the time limits set by procedural rules." *Peters Creek Sanitary Auth. v. Welch*, 545 Pa. 309, 311, 681 A.2d 167, 168 (1996). Further, "the trial court does not abuse its discretion in striking an answer where the moving party has failed to seek a default judgment." *Id.* Instead, the court explained that

[w]hen a party moves to strike a pleading, the party who files the untimely pleading must demonstrate just cause for the delay. It is only after a showing of just cause has been made that the moving party needs to demonstrate that it has been prejudiced by the late pleading.

*Id.* at 170. Applying this standard to the facts in that case, the Supreme Court affirmed the trial court's striking of the defendant's answer and new matter, which had been filed almost twenty-three months after the plaintiff's complaint had been served and one day before trial was scheduled to commence. See *id.* at 171.

In this case, Dr. Schuman was served with the complaint on July 25, 2005 and Medical Associates of Monroe

County was served on August 31, 2005. The venue issue was resolved in May 2009 and the matter was transferred to Monroe County in August 2009. Therefore, the filing of Dr. Schuman and Medical Associates of Monroe County's answers and new matter is, at best, almost two and one half years late. Although Dr. Schuman and Medical Associates of Monroe County correctly argue that the time limits established by Rule 1026 are "not mandatory, but permissive" and, accordingly, "late pleadings may be filed if the opposite party is not prejudiced and justice requires," the burden is on Dr. Schuman and Medical Associates of Monroe County to first show just cause for the delay before the Pishnicks must establish prejudice. *Id.* at 170 (quoting *Paulish v. Bakaitis*, 442 Pa. 434, 441-442, 275 A.2d 318, 321-22 (1971)) (internal quotation marks omitted).

Dr. Schuman and Medical Associates of Monroe County's explanation for the delay is the Pishnicks' appeal of the venue issue. Even accepting this as just cause for delaying the filing of an answer until all appeals were exhausted, the issue was resolved in May 2009 when the Supreme Court denied the Pishnicks' petition for allowance of appeal. The case was then transferred from Philadelphia County to Monroe County within a few months. No reason is proffered by Dr. Schuman or Medical Associates of Monroe County to show just cause for the delay in answering the complaint after the transfer to Monroe County was complete.[2]

---

2. Although Dr. Schuman and Medical Associates of Monroe County also argue that Dr. Schuman suffers from dementia and, therefore, has

Additionally, Dr. Schuman and Medical Associates of Monroe County admit in their answer to the Pishnicks' preliminary objections that discovery in this matter has been ongoing since the case was transferred to Monroe County. See Resp. of Def., Michael H. Schuman, M.D., in Opp'n to Pl.s' Prelim. Objections to the Answer with New Matter of Michael Schuman, M.D. ¶¶ 1, 6, 9, and 13; Resp. of Def., Medical Associates of Monroe County, P.C., to pl.s' prelim. objections ¶¶ 1, 11, 15, 16, and 20. The fact that Dr. Schuman and Medical Associates of Monroe County proceeded with discovery also demonstrates that there is no just cause for the delay in filing the answer.

Having found no just cause for the almost two and a half year delay, the court does not need to determine whether the Pishnicks have demonstrated prejudice by the late filing.

One result of the "just cause" requirement is that opposing counsel may sit back and do nothing as time passes on the delinquent pleading, leaving counsel who simply overlooks a responsive pleading in a precarious position. Plaintiffs' counsel candidly acknowledged doing just this at argument. However, the Peters decision

---

been unable to verify the answer or otherwise assist in his defense, this does not provide just cause for the substantial delay in answering the complaint. If the problem of Dr. Schuman's dementia is of recent onset, it could have been avoided if an answer was filed sometime within the past two and a half years. Otherwise, if the problem existed at the time the venue issue was resolved in May 2009, it could have been raised and addressed within a reasonable time thereafter, but was not. Further, although Dr. Schuman is alleged to have been an agent and/or employee of Medical Associates of Monroe County, his medical condition would not be an excuse for Medical Associates of Monroe County in failing to file its answer.

makes clear that this is an acceptable strategy under the law. Accordingly, the Pishnicks' preliminary objections to the answers and new matter of Dr. Schuman and Medical Associates of Monroe County will be sustained and those pleadings stricken with prejudice.

## II. *Late Defense Liability Expert Report*

A court has the authority under the Pennsylvania Rules of Civil Procedure to sanction parties that fail to comply with discovery as allowed under the rules or to comply with an order of court respecting discovery. See Pa. R. Civ. P. 4019.

> Generally, imposition of sanctions for a party's failure to comply with discovery is subject to the discretion of the trial court, as is the severity of the sanctions imposed. Nevertheless, the court's discretion is not unfettered: because dismissal is the most severe sanction, it should be imposed only in extreme circumstances, and a trial court is required to balance the equities carefully and dismiss only where the violation of the discovery rules is willful and the opposing party has been prejudiced. Consequently, where a discovery sanction either terminates the action directly or would result in its termination by operation of law, the court must consider multiple factors balanced against the necessity of the sanction.

*Rohm & Haas Co. v. Lin*, 992 A.2d 132, 142 (Pa. Super. 2010) (citations and internal quotation marks omitted). The factors that the court must consider are "(1) the nature

and severity of the discovery violation; (2) the defaulting party's willfulness or bad faith; (3) prejudice to the opposing party; (4) the ability to cure the prejudice; and (5) the importance of the precluded evidence in light of the failure to comply." *Id.* (citations omitted).

Here, the late submission of Dr. Morris's report was not in compliance with the court's scheduling order. Dr. Chilson and St. Luke's did not seek leave of court for an extension of time before filing the late report. Additionally, although counsel for Dr. Chilson and St. Luke's attempts to highlight some uncertainty in my order closing discovery, there was no request prior to the submission of Dr. Morris's report seeking clarification of the discovery deadlines. Nonetheless, there is nothing to suggest that this violation was contemptuous or in bad faith. On the contrary, counsel for Dr. Chilson and St. Luke's sought a courtesy extension of time from counsel for the Pishnicks when it became clear that the report was not ready prior to the October 14, 2011 deadline. This put the Pishnicks on notice that an expert report would be forthcoming. Further, the Pishnicks have not shown prejudice in the submission of Dr. Morris's report one full year prior to the scheduled date of trial. Even if there were some prejudice, this is easily cured by allowing the Pishnicks time to have their experts review and respond to Dr. Morris's report. Lastly, precluding Dr. Morris's report will all but foreclose any defense Dr. Chilson and St. Luke's could mount to the Pishnicks' claim, which obviously is a severe prejudice to them. Accordingly, the Pishnicks' motion for sanctions and motion to strike Dr. Morris's report will be denied.

## ORDER

And now, this 23rd day of May, 2012, following consideration of plaintiffs, Catherine and Charles T. Pishnicks' preliminary objections to the answer and new matter of defendant, Michael H. Schuman, M.D., and the answer and new matter of defendant, Medical Associates of Monroe County, P.C., the parties' briefs and following oral argument, It is ordered as follows:

1. The Pishnicks' preliminary objections are sustained;

2. The answer and new matter of Dr. Schuman is stricken with prejudice; and,

3. The answer and new matter of Medical Associates of Monroe County is stricken with prejudice.

Further, following consideration of plaintiffs' motion to preclude the testimony of James A. Morris, Jr., M.D. on behalf of defendant, Terrance Chilson, M.D., and the response of defendant, Terrance S. Chilson, M.D., and St. Luke's Health Services, Inc., d/b/a Medical Associates of the Pocono Mountains, the parties' briefs and following oral argument, It is ordered as follows:

1. The Pishnicks' motion for sanctions and motion to strike the report of Dr. Morris are denied; and,

2. The Pishnicks are permitted to file an expert report within 90 days responding to the report of Dr. Morris.

Lastly, the Prothonotary is directed to amend the caption to reflect the proper parties to the action by

removing "Pocono Neurology Associates" as a defendant and adding "Medical Associates of Monroe County, P.C." as a defendant.