J-A25024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LINDSEY SHARP | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILHAVEN | : | No. 1041 EDA 2017 |

Appeal from the Order Entered March 8, 2017
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 160300123

BEFORE:   OTT, STABILE, JJ., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED NOVEMBER 14, 2017**

Appellant Lindsey Sharp appeals from the order of the Court of Common Pleas of Philadelphia County granting Appellee Philhaven's preliminary objection and transferring venue to Lebanon County.  We affirm.

On August 30, 2016, Appellant Sharp filed her complaint in Philadelphia County, alleging claims of gender, religious, and retaliatory discrimination against her employer, Appellee Philhaven, a corporation that provides mental health treatment.  The parties agree that Appellant's cause of action arose out of her employment at Appellee's office in Lebanon County and do not dispute that Appellee's registered office and principal place of business are both located in Lebanon County.

On November 28, 2016, Appellee filed a preliminary objection to the complaint on the basis of improper venue.  On December 22, 2016, the trial

_____
* Former Justice specially assigned to the Superior Court.

court issued a Rule to Show Cause as to why Appellee's preliminary objection should not be granted. The order also scheduled a hearing to allow the parties to submit affidavits and deposition evidence with respect to the preliminary objection. Thereafter, the trial court directed the parties to submit supplemental briefs. On February 1, 2017, Appellant filed a supplemental brief, arguing that Appellee's preliminary objection was untimely, and thus, waived.

After reviewing the pleadings, briefs, and oral argument, the trial court entered an order on March 8, 2017, sustaining Appellee's preliminary objection and transferring the case to Lebanon County. On March 17, 2017, Appellant filed this timely appeal. The trial court did not direct Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On June 1, 2017, the trial court filed an opinion, setting forth its rationale for sustaining the preliminary objection on the basis that venue was improper in Philadelphia County.

Appellant's sole claim on appeal is that the trial court erred in considering Appellee's untimely preliminary objection. Pennsylvania Rule of Civil Procedure 1026 provides that "every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead." Pa.R.C.P. 1026. As Appellant filed her complaint on August 30, 2016, Appellee was required to file its preliminary objection by September 19, 2016, but it failed to do so until

November 28, 2016. Thus, we agree that the preliminary objection was untimely filed.

However, our courts have determined that Rule 1026 "is not mandatory but permissive. We have held that late pleadings may be filed if the opposite party is not prejudiced and justice requires. Much must be left to the discretion of the lower court." *Liberty Mut. Ins. Co. v. Domtar Paper Co.*, 77 A.3d 1282, 1285–86 (Pa.Super. 2013), *affirmed*, 631 Pa. 463, 113 A.3d 1230 (2015) (quoting *Peters Creek Sanitary Authority v. Welch,* 545 Pa. 309, 681 A.2d 167, 170 (1996) (internal quotation marks and citation omitted)).

Although Appellant argues that Appellee's preliminary objection should have been found waived, she made no averments in the lower court or in her appellate brief to suggest that she was prejudiced by the delay. The opposing party to a preliminary objection is required to demonstrate prejudice from the fact that the "allegations are offered *late* rather than on time, and not such prejudice as results from the fact that the opponent may lose the case on the merits if the pleading is allowed." *Ambrose v. Cross Creek Condominiums*, 602 A.2d 864, 868 (Pa.Super. 1992). As such, we decline to disturb the trial court's discretion in deciding to review Appellee's untimely preliminary objection.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/14/2017</u>