Kyle J. Sampson, : 
                    Appellant : 
                     : 
          v. : 
                     : 
Bureau of Administrative :   No. 1296 C.D. 2019
Adjudication :   Submitted: September 25, 2020


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: December 8, 2020

      Kyle J. Sampson (Sampson) appeals pro se from the Philadelphia County Common Pleas Court's (trial court) August 15, 2019 order granting in part and denying in part Sampson's appeal from the City of Philadelphia's Bureau of Administrative Adjudication (BAA).[1] Sampson presents one issue for this Court's review: whether the trial court erred by not granting Sampson's Motion for Sanctions. After review, we quash Sampson's appeal.

      The Philadelphia Parking Authority (Authority) issued Sampson three parking citations (collectively, Tickets) for violating various Sections of the Philadelphia Traffic Code.[2] Sampson appealed from the Tickets to the BAA and submitted documentation, i.e., a letter and photographs, to dispute the Tickets. After review, a BAA hearing examiner determined that Sampson was liable for the Tickets. Sampson appealed from the hearing examiner's decision, relying on the

---

[1] The BAA is a finance unit under the City of Philadelphia's Office of the Director of Finance, which provides administrative hearings for the adjudication of disputed parking tickets pursuant to the Local Agency Law, 2 Pa.C.S. §§ 105, 551-55, 751-54.

[2] The Philadelphia Code, Title 12, *as amended*, added by ordinance effective May 6, 1958.

same letter and photographs submitted at his first hearing. On January 4, 2019, the BAA Appeal Panel issued its written findings and determination affirming the BAA hearing examiner's decision. On January 18, 2019, Sampson appealed from the BAA Appeal Panel's decision to the trial court. On August 15, 2019, the trial court dismissed Ticket No. 769795675 and upheld Ticket Nos. 769537382 and 7665303067.

On September 13, 2019, Sampson appealed to this Court. On September 26, 2019, the trial court ordered Sampson to file a Concise Statement of Errors Complained of on Appeal pursuant to Rule 1925(b) (Rule 1925(b) Statement). Sampson failed to file a Rule 1925(b) Statement. On November 18, 2019, the trial court filed its Rule 1925(a) opinion requesting that this Court dismiss the appeal for Sampson's failure to file his Rule 1925(b) Statement. By December 2, 2019 Order, this Court directed the parties to address in their principal briefs on the merits, or other appropriate motion, whether Sampson preserved any issues on appeal in light of his failure to file a Rule 1925(b) Statement.

Concerning his failure to file a Rule 1925(b) Statement, Sampson states:

> [Sampson] failed to file a [Rule 1925(b) Statement]. [Sampson] respectfully seeks this Honorable Court's forgiveness. [Sampson] was confused as to what a 'Concise Statement of Matters' was. He called the Clerk's Office of the Commonwealth Court. He was repeatedly told that 'we didn't send you anything' or 'that's not from us[.]' He was under the impression that once the matter left the [trial court], he was done with that court and all matters were with the Commonwealth Court. Again, [Sampson] [r]espectfully prays for this Honorable Court[']s forgiveness.

Sampson Br. at 2-3.[3] The BAA rejoins that the trial court's order should be affirmed because Sampson failed to file a Rule 1925(b) Statement and, thus, waived any issues on appeal.

The Pennsylvania Supreme Court has long established in *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998), that any issues not raised in a Rule 1925(b) Statement will be deemed waived. In *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011), the Pennsylvania Supreme Court reinforced its ruling in *Lord*, explaining:

> We yet again repeat the principle first stated in *Lord* that must be applied here: '[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a [Rule 1925(b) Statement]. Any issues not raised in a [Rule] 1925(b) [S]tatement will be deemed waived.' [*Lord*,] 719 A.2d at 309.

*Hill*, 16 A.3d at 494.

"[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule 1925(b)], it is the trial court's order that triggers an appellant's obligation under the rule, and, therefore, we look first to the language of that order." *Berg v. Nationwide Mut. Ins. Co., Inc.*, 6 A.3d 1002, 1007-08 (Pa. 2010) (plurality). In *Berg*, the issue before the Pennsylvania Supreme Court was "[w]hether the [Pennsylvania] Superior Court erred in finding waiver of all appellate issues for failing to serve the trial judge with a [Rule 1925(b) Statement], when the trial judge's order directing a [Rule 1925(b)] Statement, failed to include language mandated by paragraphs (b)(3)(iii) and (iv) of [] Rule 1925(b)." *Berg*, 6 A.3d at 1005.

---

[3] This statement was part of Sampson's "Statement of the Case." Sampson did not reference his failure to file his Rule 1925(b) Statement elsewhere in his brief. Sampson Br. at 2.

The Pennsylvania Supreme Court explained:

> [T]he trial court's order instructed Appellants to '*file with the* [*c*]*ourt, and a copy with the trial judge*, a Concise Statement of Errors Complained of on Appeal pursuant to [Rule] 1925(b) within twenty-one (21) days of the issuance of this order.' Order, 1/3/08 (emphasis added). Despite any suggestion to the contrary, the express language of his order *did not* instruct [the a]ppellants to *serve* a copy of their [Rule] 1925(b) Statement on the trial judge; rather, it directed [the a]ppellants to *file* copies of their [Rule] 1925(b) Statement with the court and with the trial judge. Although the instruction to file a document with a trial judge is an oddity, we conclude [the a]ppellants substantially complied with this directive by presenting a copy to the prothonotary of Berks County.

*Berg*, 6 A.3d at 1008. The *Berg* Court's holding was limited to its facts, as explained therein:

> [The *Berg* Court] hold[s] that **the issues raised in** [**the a**]**ppellants'** [**Rule**] **1925(b) Statement were not waived**, despite the fact that the statement was not personally served on the trial judge, where personal service was attempted by counsel and thwarted by the prothonotary, and **where the** [**trial**] **court's Rule 1925(**[**b**]**) order specified 'filing' and not 'service.'**[4]

---

[4] Indeed, the Pennsylvania Supreme Court noted:

> We do not mean to suggest . . . that the trial court's order 'trumps Rule 1925(b).' *See* Dissenting Opinion . . . , 6 A.3d at 1018. **We simply recognize the unique position in which** [**the a**]**ppellants were placed** as a result of the trial court's failure to adhere to the specific requirements of Rule 1925(b), the same rule under which the dissent concludes [the a]ppellants' issues are waived.

*Berg*, 6 A.3d at 1010 n.16 (emphasis added). The *Berg* Court further noted: "Our decision is based, in part . . . on [the a]ppellants' substantial compliance with the express terms of the trial judge's order." *Berg*, 6 A.3d at 1010 n.17.

4

*Berg*, 6 A.3d at 1012 (emphasis added).

Here, the trial court's order directed:

[Sampson] must file a Concise Statement of Errors Complained of on Appeal pursuant to [Rule] 1925(b). The [Rule] 1925(b) Statement shall be filed no later than twenty-one (21) days after entry of th[e] [o]rder. Any issue not properly included in th[e] [Rule 1925(b)] Statement shall be deemed waived.

Trial Ct. September 26, 2019 Order (Trial Ct. Order).

Rule 1925(b)(3) expressly requires:

*Contents of order.* The judge's order directing the filing and service of a [Rule 1925(b)] Statement shall specify:

(i) **the number of days** after the date of entry of the judge's order within **which the appellant must file** and serve the [Rule 1925(b)] Statement;

(ii) **that the [Rule 1925(b)] Statement shall be filed of record**;

(iii) that the [Rule 1925(b)] Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the [Rule 1925(b)] Statement in person and the address to which the appellant [can] mail the [Rule 1925(b)] Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the [Rule 1925(b)] Statement on the judge; and

(iv) that **any issue not properly included** in the [Rule 1925(b)] Statement timely filed and served pursuant to subdivision (b) **shall be deemed waived**.

Pa.R.A.P. 1925(b)(3) (emphasis added).

This Court recognizes that the trial court's order did not comply with Rule 1925(b)(3)(iii). However, the trial court is not requesting that the appeal be

5

dismissed because Sampson did not *serve* the trial judge but, rather, because Sampson did not *file* a Rule 1925(b) Statement. Because the trial court's order specified that Sampson "must file" his Rule 1925(b) Statement, the time that the Rule 1925(b) Statement "shall be filed," and that any issue not included in the Rule 1925(b) Statement "shall be deemed waived," Sampson was made fully aware of the consequences of not filing a Rule 1925(b) Statement. Trial Ct. Order.

Moreover, Sampson's claim that he did not know what a Rule 1925(b) Statement was, does not absolve him of his failure to file it.

> This holding comports with [the Pennsylvania Supreme] Court's view on *pro se* litigants. *See Vann v. Unemployment Comp[.] [Bd.] of Rev[.]*, . . . 494 A.2d 1081, 1086 ([Pa.] 1985) (*pro se* litigant must to some extent assume the risk that his lack of legal training will prove his undoing); *Commonwealth v. Abu-Jamal*, . . . 555 A.2d 846, 852 ([Pa.] 1989) (*pro se* litigant 'is subject to same rules of procedure as is a counseled defendant; he has no greater right to be heard than he would have if he were represented by an attorney'); [*s*]*ee also, Jones v. Rudenstein*, . . . 585 A.2d 520, 522 [(Pa. Super.)], *appeal denied*, 600 A.2d 954 ([Pa.] 1991) (*pro se* litigant not absolved of complying with procedural rules and courts have no affirmative duty to walk *pro se* litigant through the rules).

*Peters Creek Sanitary Auth. v. Welch*, 681 A.2d 167, 170 n.5 (Pa. 1996). Accordingly, this Court is constrained to quash Sampson's appeal for his failure to file his Rule 1925(b) Statement as the trial court ordered.

For all of the above reasons, Sampson's appeal is quashed.

_____
ANNE E. COVEY, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kyle J. Sampson,                          :
                    Appellant            :
                                         :
              v.                         :
                                         :
Bureau of Administrative                 :      No. 1296 C.D. 2019
Adjudication                             :

## O R D E R

AND NOW, this 8th day of December, 2020, Kyle J. Sampson's appeal from the Philadelphia County Common Pleas Court's August 15, 2019 order is QUASHED.

_____
ANNE E. COVEY, Judge